Muse, Christopher J., A.J.
This case arises out of two separate, but similar and related, decisions of a Justice of the Lowell Division of the District Court Department, reinstating Robert Arbo’s, and Charles Boncore’s respective rights to operate a motor vehicle, following their DUI arrests. Both Arbo and Boncore refused to take a Breathalyzer test, triggering an automatic suspension of that right. Each filed successful appeals with the Lowell District Court in accordance with G.L.c. 90, §24(1)(g). The Registry of Motor vehicles (“Registry") seeks judicial review, pursuant to G.L.c. 249, §4,[2] of these decisions. For the following reasons, the Registry’s Motion for Judgment On the Pleadings is DENIED, and the Lowell District Court decisions are AFFIRMED.

BACKGROUND

G.L.c. 90, §24(1)(f)(1) provides that “[w]hoever operates a motor vehicle upon any way or in any place to which the public has right to access shall be deemed to have consented to submit to a chemical test or analysis of his breath or blood in the event he is arrested for operating a motor vehicle while under the influence of intoxicating liquor.”
Both Arbo and Boncore were so arrested, and each declined the breath and blood analysis. Each was afforded a hearing at the Registry of Motor Vehicles on the inevitable suspensions that resulted. At their hearings, both Arbo and Boncore claimed that they were not advised of the consequences of their refusals. The *472 Registry hearing officer issued decisions affirming the suspensions.
The subsequent appeals to the Lowell District Court are governed by G.L.c. 90, §24(1)(g) which provides that “Review of the court shall be on the record established at the hearing before the registrar.” The Registry caused the fax transmission of the hearing papers. No representatives of the Registry appeared at the Lowell District Court hearings, although Arbo and Boncore, with counsel, attended. The court in each instance found that the “Registry failed to appear at hearing and/or properly authenticate record,” and ruled that the “Registry acted in an arbitrary and capricious manner.”
It seems that the Registry believes that fax transmitted copies of administrative hearings are appropriate substitutes for the more carefully assembled records customarily filed with the courts. Nowhere in 24(g) can this court find support for this practice. Moreover, the decision to rely on the pleadings, with a waiver of hearing and argument, ought to be done with the niceties of established judicial procedure, i.e. by motion, with submitted briefs. In reviewing the sufficiency of Superior Court Rule 9(A) procedures, the Appeals Court commented that “Rule 9A(b)(5) is an ”anti-ferreting" rule designed to assist a trial judge in the all too typical situation in which the parties throw a foot-high mass of undifferentiated material at the judge." Dziamba v. Warner and Stackpole, 56 Mass.App. 307, 399 (2002). The Registry faxed 62 and 63 pages of these “undifferentiated materials” for the Arbo and Boncore cases respectively. The trial judge was charged with reviewing constitutional as well as administrative procedural claims. The finding that the records were not sufficiently authenticated, was a polite, and mild rebuke for inadequate and unprofessional presentments. Finding that the Registry did not appear, suggests that the court permissibly dismissed the Registry’s claims based on its failure to prosecute. The ruling that in their underlying decisions the “registry acted in an arbitrary and capricious manner” is fairly supported on the record, inasmuch as the Registry did not offer any discernible challenge to the petitioners’ claims.

ORDER

For the foregoing reasons, this Court hereby ORDERS that Plaintiffs motion for judgment on the pleadings be DENIED, Defendants’ motion for judgment on the pleadings is ALLOWED, and the decision of the Lowell District Court is AFFIRMED.

The court questions the appropriateness of certiorari in view of the apparent availability of appellate review. All parties claim otherwise, and the matter is left to a higher authority to decide at another time.